T.C. Memo. 1997-59

UNITED STATES TAX COURT

FERNANDO AND MARIA LEONZO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14021-93.                    Filed February 3, 1997.

Fernando and Maria Leonzo, pro se.

Aretha Jones, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Chief Judge:  Respondent determined deficiencies in, additions to, and a penalty on, petitioners' Federal income taxes as follows:

|      |            | Additions to Tax and Penalty | | |
|------|------------|-----------------|--------------|-----------|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6661(a) | Sec. 6662 |
| 1988 | $23,444.18 | $1,172.21       | $5,861.00    | ---       |
| 1989 | 4,473.00   | ---             | ---          | $894.60   |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision are: (1) Whether petitioners had unreported income from Latin Investment Corporation in 1988; (2) whether petitioners had unreported income from L&L Construction Company in 1988; (3) whether petitioners are entitled to home mortgage and personal interest deductions for 1988 and 1989 in an amount greater than allowed by respondent; (4) whether petitioners are entitled to certain business deductions claimed on their Schedule C for 1988; (5) whether petitioners are liable for increased self-employment tax in 1988; (6) whether petitioners are liable for the addition to tax and penalty for negligence for 1988 and 1989, respectively; and (7) whether petitioners are liable for the substantial understatement addition to tax for 1988.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioners resided in Vienna, Virginia.

Fernando Leonzo (petitioner) was president and an owner of the Latin Investment Corporation (LIC). Petitioner received a salary from LIC. In 1988, petitioner was involved with starting

a company, Latin Credit Corporation (LCC), to help members of the Hispanic community obtain car loans at a low rate.  On July 15, 1988, LIC issued a check for $60,000 to LCC.  The check contained the signature of two drawers, including the signature of petitioner.

Petitioner also was vice president of L&L Construction Company (L&L).  L&L was located in the same building as LIC. Petitioner was paid compensation of $24,000 from L&L in 1988.

During 1988, petitioners deposited into two bank accounts checks from L&L totaling $20,896.  The checks were dated at regular intervals.  Checks written in January, February, and March 1988 were payroll checks identifying petitioner as "Employee No. 021".  From April through December 1988, checks for $500 and $1,000 were marked "Professional services".

Petitioners purchased a home on Labbe Lane in Vienna, Virginia, in 1988.  Mrs. Leonzo's brother, Jose Ayala (Ayala), operated a carryout food business and pool hall out of a property located at 3110 Mt. Pleasant.

Petitioners timely filed Forms 1040, U.S. Individual Income Tax Returns, for 1988 and 1989.  Petitioners' 1988 and 1989 returns each included a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss from  Business.

Petitioners claimed $12,992.51 for home mortgage interest and $1,190.76 for personal interest on their 1988 Schedule A. Petitioners substantiated $10,415 of the home mortgage interest

for 1988. Petitioners claimed $47,999 for home mortgage interest on their 1989 Schedule A. Petitioners substantiated $24,402 of the 1989 home mortgage interest. Petitioners included a Form 1098 Mortgage Interest Statement with their 1989 return. The Form 1098 showed that "Jose A. Ayala" paid "$23,---.--" (illegible copy) in interest to Perpetual Savings Bank.

Petitioners reported gross receipts of $13,342 from L&L on their 1988 Schedule C. Petitioners deducted $4,645.03 as expenses on their 1988 Schedule C. Petitioners reported a net profit of $8,696.97 on their 1988 Schedule C. Petitioners filed a Schedule SE, Social Security Self-Employment Tax, for 1988. Petitioners reported $8,696.97 from their 1988 Schedule C as the amount of net profit subject to the self-employment tax.

## OPINION

### Unreported Income

Petitioners have the burden of proving that respondent's determinations are erroneous. Rule 142(a). Once there is evidence of actual receipt of funds by the taxpayer, that taxpayer has the burden of proving that all or a part of those funds are not taxable. Tokarski v. Commissioner, 87 T.C. 74 (1986). At trial, petitioner acknowledged that he received the check from LIC to LCC for $60,000. Petitioner testified that he received a salary from L&L of approximately $24,000 per year; however, he reported $13,342 for 1988. Petitioner's explanation is that the $60,000 check from LIC and the difference between the

$13,342 reported income from L&L and the $20,896 in L&L checks that petitioners deposited were loans.

Petitioners have scant evidence to support their contentions. With respect to the $60,000 from LIC, petitioners offered incomplete loan documents, including a copy of a check from LIC payable to LCC and a promissory note in which payment terms were left blank. Petitioners' documents are insufficient to establish a bona fide loan. Petitioner testified that he did not make any payments to LIC and that he did not provide any security or collateral for the alleged loan. Petitioner, as an owner and officer of the company, had control in the decision of whether or not to enforce the alleged debt. He has failed to prove that the distribution of $60,000 to him was not his share of profits from LIC or compensation to him for services to LIC.

Petitioners offered only uncorroborated testimony with respect to the L&L loans. Petitioner testified that the president of L&L often asked petitioner for a "personal loan of two, three hundred, four hundred dollars, and then I gave the money to him, and when he paid me back, he made a check of L&L Construction also on my name."

Petitioner's explanation for the amounts received from L&L is not credible. The L&L checks that petitioner received were dated at regular intervals throughout 1988. Some were clearly payroll checks. Others, in the amounts of $500 or $1,000, were marked "Professional services." Petitioner testified that he

received salary of $24,000 from L&L, but he reported only $13,342.

Petitioners have failed to satisfy their burden of proof and to establish that the amounts received from LIC and L&L were loans. Respondent's determination of unreported income will be sustained.

Interest and Schedule C Deductions

Petitioners bear the burden of proving that they are entitled to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This burden includes substantiating the amount of the item claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioners offered no substantiation or explanation to support the amounts of interest claimed but not allowed by respondent for 1988. Petitioner testified that the 1988 Schedule C expenses were primarily related to maintaining his automobile, but he did not explain how or if the use of the vehicle was business-related. Petitioners did not maintain an automobile log or provide any documents to substantiate the Schedule C deductions. No additional deductions may be allowed for 1988.

Petitioners claim that $23,597 of the $47,999 home mortgage interest deduction claimed by them for 1989 was interest paid on the property on Mt. Pleasant. Petitioner testified that he owned

the building with his brother-in-law, Ayala. He stated that Ayala had already filed his taxes without claiming any interest deduction and that Ayala told petitioner to claim the whole amount in petitioners' names. Petitioner claimed at trial that he personally wrote checks to the mortgage company but that the documents he needed to substantiate the deduction were in the office of the bankruptcy trustee for LIC.

Subsequent to trial, we granted the parties' Joint Motion to Reopen Record so that petitioners could obtain the documents to substantiate the interest payments and the other issues in this case. The parties filed a second stipulation of facts and submitted documents in an attempt to substantiate the interest payments for the Mt. Pleasant property. The documents included an appraisal report prepared for "Mr. Fernando Leonzo Latin Investment Corporation", a 1990 bank statement addressed to petitioner and Ayala regarding the interest rate on an unspecified loan, a $4,000 check from Ayala to petitioner dated December 12, 1988, and receipts with respect to the property.

Petitioners' documents do not establish that petitioners owned the Mt. Pleasant property or that petitioners made payments, interest or otherwise, on the property. Additionally, the 1989 Form 1098 from the bank names Ayala, not petitioners, as the borrower. In any event, any interest petitioners paid on the Mt. Pleasant property does not qualify as home interest.

Respondent's disallowance of home mortgage interest for 1989 will be sustained.

## Self-Employment Tax

Section 1401 provides for a tax on the self-employment income of every individual. "Self-employment" income means the net earnings from self-employment derived by an individual. Sec. 1402(b). Net earnings from self-employment income is the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle that are attributable to such trade or business. Sec. 1402(a).

Petitioner had income from L&L in excess of the amount he reported on his 1988 Schedule C and Schedule SE. Accordingly, petitioner is liable for additional self-employment tax. Respondent's determination will be sustained on this issue.

## Additions to Tax and Penalty

### Sections 6653(a)(1) and 6662

Respondent determined that petitioners are liable for the section 6653(a)(1) addition to tax for 1988. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or an intentional disregard of rules or regulations.

Respondent determined that petitioners are liable for the section 6662(a) penalty for 1989. Section 6662(a) imposes a penalty in an amount equal to 20 percent of the underpayment of

tax attributable to one or more of the items set forth in section 6662(b). In the notice of deficiency, respondent based the determination of the section 6662(a) penalty on petitioners' underpayment's being due to negligence or disregard of rules or regulations. See sec. 6662(b)(1).

The accuracy-related penalty does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion of an underpayment and that petitioners acted in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether petitioners acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Neely v. Commissioner, 85 T.C. 934, 947-948 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Secs. 6653(a)(3), 6662(c). Petitioners bear the burden of proving that respondent's determinations are erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Petitioners had an underpayment of tax in 1988 and 1989 because they understated their income due to claiming

unsubstantiated interest payments and business expenses and failing to report as income moneys received from LIC and L&L.

Petitioner was ordered before trial to produce documents relevant to the issues in dispute.  He did not comply.  He was also allowed to reopen the record subsequent to the trial. Petitioners failed to produce documents that would substantiate their claims.  They failed to file the post-trial brief ordered by the Court, so their final explanation and arguments are unknown.

Petitioners have failed to show reasonable cause for claiming the disallowed deductions or failing to report the income received by them, particularly the compensation received from L&L, or that they acted in good faith.  Respondent's determination that petitioners are liable for the section 6653(a)(1) addition to tax for 1988 and the section 6662(a) penalty for 1989 will be sustained.

Section 6661

Respondent determined that petitioners are liable for the section 6661 addition to tax for 1988.  Petitioners bear the burden of proving that respondent's determination is erroneous. Rule 142(a); Cluck v. Commissioner, 105 T.C. 324, 339 (1995). Section 6661(a) provides for an addition to tax on underpayments attributable to a substantial understatement of income tax. Section 6661(b)(2)(A) defines the term "understatement" as being the excess of the amount of tax required to be shown on the

return for the taxable year over the amount shown on the return. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6661(b)(1)(A).

Petitioners did not present evidence that would bring them within any exception to applicability of section 6661. Accordingly, we conclude that petitioners are liable for the addition to tax under that section for 1988.

To reflect the foregoing and concessions of the parties,

Decision will be entered under Rule 155.